**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Chul Ho KWAG**,<br>7017 Dolphin Road,<br>Lanham, MD 20706,<br>　　　　　　　　　　　　Plaintiff,<br>　　　-against-<br><br>**S & K Corporation,**<br>doing business as and also known as<br>11th & M Corner Market,<br>1133 11th Street N.W.<br>Washington, DC 20001,<br><br>**SERVE:**<br>Professional Corporation Service Inc.<br>209 Pennsylvania Avenue, S.E.<br>Washington, DC 20003,<br><br>**Kyungja JEONG**,<br>11800 Georgia Avenue,<br>Wheaton, MD 20902,<br><br>and<br><br>**Seyoung JEONG**,<br>11800 Georgia Avenue,<br>Wheaton, MD 20902,<br>　　　　　　　　　　　　Defendants. | Civil Action Number: _____<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiff, Chul Ho Kwag, by his attorney, (Michael) Hyunkweon Ryu, as and for his Complaint herein, alleges and shows to this Court the following:

**Nature of Action**

1.　　Plaintiff, Chul Ho Kwag ("Plaintiff") a former employee of Defendants S & K Corporation (doing business as and also known as) 11th M Corner Market, hereinafter ("S & K Corp."), Kyungja Jeong, the owner and CEO of S & K Corp., and Seyoung Jeong, also the owner

1

and CEO of S & K Corp. ("Defendants"), submits this Complaint for himself that Defendants willfully violated the minimum wages and overtime wages provisions by failing to pay Plaintiff his legally mandated wage as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the District of Columbia Minimum Wage Act ("MWA"), D.C. Code §32-1001 *et seq*. and the District of Columbia Wage Payment and Collection Law ("WPCL"), D.C. Code §32-1301 *et seq.* Plaintiff further alleges that Defendants' failure to pay the minimum wages and overtime wages is willful and intentional.

## Jurisdiction

2. This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. §201 *et seq.,* including §§ 206, 207 and 216, and 28 U.S.C. §§1331 and 1367.

## Venue

3. Venue is proper in this Court under 28 U.S.C. §1391(b) since Defendants have their place of business in this District, and the unlawful acts occurred herein.

## Parties and Facts

4. Plaintiff is Chul Ho Kwag.

5. Plaintiff was at all times relevant hereto an individual employed in the District of Columbia by Defendants.

6. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the implementing rules and regulations of the FLSA.

7. Plaintiff is filing this FLSA claim as an individual action.

8. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the MWA and the WPCL, and the implementing rules and regulations thereof.

9. For the period commencing on or about May 2014, to end of January 2018, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

10. All times relevant hereto, Plaintiff worked each work week approximately between 23 hours and 62 hours a week.

    a) Plaintiff was paid in cash and/or by check on a weekly basis.

    b) Plaintiff hourly rate of pay between May 20014 until mid-June 2016 was $10.00 hour.

    c) Plaintiff hourly rate of pay in mid-June 2016 until December 2016 was $11.00 per hour.

    d) Plaintiff hourly rate of pay in early December 2016 until the end of January 2018 $11.50 per hour.

    e) Plaintiff was laid off on or about January 28, 2018.

11. Plaintiff regularly worked more than 40 hours a week while employed by Defendants and was not paid the proper amount of the minimum wage and no overtime wages.

12. Plaintiff performed manual labor for Defendants, as a cashier at convenience store that sold deli food, wine and beer, accepting cash, processing credit cards, selling and stocking wine and beer.

13. For the period commencing on or about May 2014, to sometime in March 2017, Plaintiff regularly and customarily at the specific instructions and demand of Defendants, traveled to Restaurant Depot in Virginia every other week to purchase food, equipment, and supplies for the store.

14. For the period commencing on or about March 2017, to sometime in January 2018, due to the closing of the Honduran Embassy business slowed down and the Plaintiff

regularly and customarily at the specific instructions and demand of Defendants, traveled to Restaurant Depot in Virginia every three weeks to purchase food, equipment, and supplies for the store.

15. Plaintiff spent 2 hours driving from his home in Maryland to the Virginia Restaurant.

16. Plaintiff would then drive the purchased food, equipment, and supplies to his place of employment.

17. Defendants would on occasion only pay him 10 dollars to travel to Restaurant Depot in Virginia.

18. While Plaintiff was performing his job duties, he regularly handled credit card processing machines, sold and stocked wine, beer and deli food.

19. The majority of the said wine, beer and deli food and supplies were produced in states other than the District of Columbia such as California, Tennessee and Kentucky, or foreign countries such as France, Italy, Scotland, Mexico and Chile for the sale for interstate commerce and later shipped or imported through interstate commerce to the District of Columbia and eventually Defendants for sale to customers.

20. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

21. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

22. Plaintiff was required to report to work for Defendants at a certain time.

23. Plaintiff could not set his own hours of work for Defendants.

24. Defendant S & K CORP., is and was at all times relevant hereto a District of Columbia Corporation with its place of business in the District of Columbia at 1133 11th Street N.W., Washington, DC 20001.

25. Defendant S & K CORP., is registered with the District of Columbia with its registered agent: Professional Corporation Service Inc., 209 Pennsylvania Avenue, S.E., Washington, DC 20003.

26. Defendant S & K CORP, is and was at all times relevant hereto engaged in the retail sale business of wine, beer and deli food.

27. At all times relevant hereto (i.e., during Plaintiff's employment), the annual gross dollar volume of sales or receipts of Defendant S & K CORP., including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

28. Defendant Kyungja Jeong was at all times relevant hereto the owner and CEO of the corporate Defendant S & K CORP.

29. Defendant Kyungja Jeong managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

30. Defendant Kyungja Jeong participated in and approved of the pay practices of the corporate Defendant S & K CORP.

31. Defendant Kyungja Jeong was involved in assigning work to Plaintiff.

32. Defendant Kyungja Jeong had the power and authority to discipline Plaintiff.

33. Defendant Kyungja Jeong exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

34. Defendant Kyungja Jeong hired Plaintiff.

35. Defendant Kyungja Jeong was in charge of paying employees.

36. Defendant Kyungja Jeong told Plaintiff where to work and when to work.

37. Defendant Seyoung Jeong was at all times relevant hereto the owner and CEO of the corporate Defendant S & K CORP.

38. Defendant Seyoung Jeong managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

39. Defendant Seyoung Jeong participated in and approved of the pay practices of the corporate Defendant S & K CORP.

40. Defendant Seyoung Jeong was involved in assigning work to Plaintiff.

41. Defendant Seyoung Jeong had the power and authority to discipline Plaintiff.

42. Defendant Seyoung Jeong exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

43. Defendant Seyoung Jeong hired Plaintiff.

44. Defendant Seyoung Jeong was in charge of paying employees.

45. Defendant Seyoung Jeong told Plaintiff where to work and when to work.

46. At all times relevant hereto, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

47. Defendants, during at all times relevant hereto, had two or more employees who regularly processed credit cards, and sold and stocked wine, beer and deli food.

48. The majority of the said wine, beer and deli food were produced in states other than the District of Columbia such as California, Tennessee and Kentucky, or foreign countries such as France, Italy, Scotland, Mexico and Chile for the sale for interstate commerce and later

shipped or imported through interstate commerce to the District of Columbia and eventually Defendants for sale to customers.

49. Defendants, at all times relevant hereto, were subject to the FLSA due to the nature of their business and revenues earned.

50. Defendants, at all times relevant hereto, were subject to the MWA and WPCL due to the nature and location of their business.

51. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

52. Defendants held Plaintiff out as an employee.

53. Defendants employed and paid Plaintiff as their employee.

54. Defendants were employers within the meaning of the term of the FLSA, 29 U.S.C. § 203(d).

55. Defendants were employers within the meaning of the term of the MWA, D.C. Code §32-1002 (3).

56. Defendants were employers within the meaning of the term of the WPCL, D.C. Code § 32-1301(1).

57. At all times relevant hereto, Defendants were aware that it was legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

58. At all times relevant hereto, Defendants were aware that it was legally required to timely pay Plaintiff all wages legally due to Plaintiff.

59. Defendants failed to pay Plaintiff for overtime compensation for hours worked in excess of 40 hours per workweek.

60. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

61. No exemption from overtime applied to Plaintiff when he worked more than 40 hours in a workweek for Defendants.

62. Defendants jointly and severally owe Plaintiff approximately $2,629.72 in the unpaid minimum wages.

63. Defendants jointly and severally owe Plaintiff approximately $10,524.69 in the unpaid overtime wages.

64. Defendants do not have good faith basis for their failure to properly pay Plaintiff for minimum wages.

65. Defendants do not have good faith basis for their failure to properly pay Plaintiff for overtime wages.

66. Defendants' failure to properly pay Plaintiff for the overtime wages was willful.

67. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

68. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

69. Defendants failed to provide Plaintiff with notice of Plaintiff's employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

70. Defendants did not post the notice required by D.C. Code § 32-1009 or 29 C.F.R. § 516.4.

71. Defendants did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c) (2) (b).

72. Upon information and belief, Defendants never obtained legal advice that their pay practices and/or policies were compliant with federal wage-hour laws.

73. Upon information and belief, Defendants never obtained legal advice that their overtime pay practices and/or policies were compliant with District of Columbia wage-hour laws.

74. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

75. Upon information and belief, Defendants never obtained any written guidance from the District of Columbia Department of Employee Services concerning their pay practices and policies.

76. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

77. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

78. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

### Count I: Overtime Violation under FLSA

79. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

80. Plaintiff is entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §207.

81. Defendants violated the provisions of the Fair Labor Standards Act by willfully failing and refusing to pay Plaintiff all overtime compensation due to them under the FLSA and its implementing regulations.

82. Plaintiff has been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

83. By reason of the aforesaid violations of the FLSA, Defendants are jointly and severally liable to Plaintiff in an amount equal to the unpaid overtime, which is at the rate of no-less-than one and one-half (1.5) times of Plaintiff regular hourly wage rates, an equal amount to the unpaid overtime wages in the form of liquidated damages, attorney's fees, costs, and pre-and post judgment interest.

**Count II: Failure to pay wages under the MWA and WPCL**

84. All allegations of this Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

85. The minimum-wage provisions of the MWA, D.C. Code §§ 32-1003 (a), 32-1012, and its supporting regulations, D.C. Mun. Regs tit. 7 § 900, *et seq*., apply to Defendants' employment of Plaintiff.

86. The overtime-wage provisions of the MWA, D.C. Code § 32-1003(c), and its supporting regulations, D.C. Mun. Regs tit 7, § 902.6, apply to Defendants' employment of Plaintiff.

87. Defendants failed to pay Plaintiff the proper minimum and overtime wage to which he was entitled under the MWA, D.C. Code § 32-1003(a) and (c).

88. By Defendants' persistent failure to pay Plaintiff proper minimum wage and overtime wages for time worked in excess of 40 hours per week, they have willfully violated the MWA.

89. Due to Defendants' violation of the MWA, Plaintiff is entitled to recover from Defendants his unpaid minimum and overtime wages, statutory penalties and liquidated damages. *See* D.C. Code § 32-1308 (a) (1) (A).

90. For their MWA violations, Defendants are jointly and severally liable to Plaintiff for unpaid wages, an amount equal to four times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

91. At all times relevant to this action, Defendants were employer and Plaintiff was their employee within the meaning of the WPCL. *See* D.C. Code § 32-1308 (1B), (2).

92. For purposes of the WPCL, "wages" include, among other things, minimum and overtime wages. *See* D.C. Code § 32-1301(3).

93. Plaintiff earned wages payable at regular and overtime rates from his work with Defendants.

94. Defendants violated the WPCL by unlawfully failing or refusing to pay Plaintiff all wages earned, including the minimum wage rate and the premium rate for overtime on the regular payday.

95. By Defendants' persistent failure to pay Plaintiff all wages due on the regular payday, they knowingly and willfully violated the WPCL.

96. For their WPCL violations, Defendants are jointly and severally liable to Plaintiff for unpaid wages, an amount equal to four times the amount of unpaid wages as liquidated

damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

97. Defendant's failure or refusal to pay all required wages was not the result of a bona fide dispute, as defined by the WPCL, nor did Defendants follow the procedures necessary for asserting such a dispute under the WPCL. See D.C. Code § 32-1304.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants jointly and severally, on all counts, and grant the following relief:

a) Award Plaintiff at least $52,617.64, consisting of the following overlapping elements:

  i. unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C.§ 216;

  ii. unpaid minimum and overtime wages earned, penalties, and treble damages as liquidated damages for the unpaid wages found due to Plaintiff as provided by the MWA, and three times the amount of unpaid wages earned as liquidated damages, pursuant to the WPCL, D.C. Code §§ 32-1303(4) and 32-1308 (a)(1)(A); and

b) Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c) Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d) Award Plaintiff court costs; and

e) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of his peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

                                                            Respectfully submitted,
                                                            By Chul Ho Kwag,

Through his counsel:

/s/ (Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
301 Maple Ave West
Suite 620
Vienna VA 22180
Attorney for Plaintiff